Good morning, court. My name is Joe Walker. I'm here for PMC Bancorp. There are two, looks like two big issues for today. One is the full credit bid issue and the other is the New York law issue. I'm going to start with the full credit bid issue. The court's been positions. Layman is asserting a position with this court that the full credit bid rule is only applicable in a bidder's post foreclosure collection rights case if there is a borrower as a defendant or the full credit bid rules have zero application if the borrower is not a defendant after a non-judicial foreclosure. Their position clearly has, I think, supported from the California Supreme Court. The question is what would New York do with this issue? And then there's the subsidiary question of in at least two, perhaps three of the individual loans, as I read it, your client waived application of the full credit bid rule. That language is in the indemnity agreement. I happen to disagree with the court. The California cases for full credit bid say that it is not applicable when there is fraud present by a defendant. It does not say otherwise. Otherwise, the full credit bid rule. I thought the allegations here were that the underlying loans themselves were fraudulently obtained by overstating the income of the borrowers and other material misrepresentations on which the lender relied in extending credit. There's four causes of action in the complaint. There is no fraud cause of action against my client, PMC. Your exception... I'm not suggesting that your client engaged in fraud, but what I am suggesting is that it now appears that these loans should never have been made by the original lender, and had Lehman known at the time they purchased these loans in the secondary market, they would never have bought them because of the fact that the borrowers weren't qualified for the loan. Well, these are all indemnity agreements between Lehman and PMC Bank Corp. The indemnity agreements, whether it's the specific one that was the one cause of action or the general indemnity agreement that's the underlying contract. The position of PMC is that if you get sued on the indemnity agreement, if you've taken advantage of a non-judicial foreclosure, if you've had the expedited process, you haven't had the judicial foreclosure, you haven't had the two-year process where the deficiency is clearly defined in a lawsuit, where evidence comes in as to the value of the security and the value of the deficiency, and you do a non-judicial foreclosure to shortcut that, you have to bear the burden of having a full credit bid rule in place to prevent a runaway deficiency judgment. But that writes out of the contract between the parties, and these are two sophisticated parties as opposed to an individual homeowner, borrower, and a lender, that basically says, look, if these loans go bad, the first thing we're going to do is we're going to make a PMC to buy the loan back, refund our money, and that demand was made, and your client refused, thereby triggering a breach of the contract claim. And then the next thing that happens is the property apparently gets liquidated for less than the amount of the loan, and the question is, does Lehman get to take advantage of going after your client for the debt? Six of them were liquidated for the value of the loan. Six of them were full credit bids. Six of the 11. But the net is that Lehman's out $2.1 million plus half a million in attorney's fees. Lehman claims they're out $2.1 million. Mr. Glanter's judgment in that amount, right? That gets me to that Exhibit M that we raised in the brief. Well, why doesn't Rule 1006 of the Federal Rules of Evidence take care of that objection? Mr. Baker stated in his deposition he didn't create the exhibit. He doesn't have to. 1006 says as long as the underlying records are admissible and available, and as I understand it, they were actually admitted into evidence, then you have every opportunity as the opponent to challenge the credibility of the summary exhibit, but the summary exhibit still comes in under 1006 to help the trier of fact determine the amount of the damages. Our position in this case was that since Mr. Baker didn't create the summary exhibit, he couldn't state in his declaration. He stated his declaration. Counsel, he doesn't have to under the rule. I realize that, but when it's so blatant in a case where he says he didn't do it, it's our belief that your argument essentially goes to an attack as to the weight that the trier of fact should pay to the summary exhibit, not to its admissibility. The trier of fact obviously gave great weight to the exhibit. Because the underlying documents on which the summary were based are business records that are otherwise admissible under 803. If they're properly authenticated. Well, there's no challenge to the admissibility of the underlying exhibits. Your only challenge on appeal is to the summary exhibit. That is correct. Why is it an abuse of discretion for the district court to rely on that summary exhibit when the rule specifically provides for the use as it was used here? I think we stated our position in our brief. I'm not going to deviate from that. I don't have an answer to your question. Let's go back to the full credit bid issue then. The full credit bid issue. Let me have your help, counsel, in clarifying some things in the record. On how many of these loans does PMC contend that Lehman Brothers made a full credit bid? Six of 11. Six of 11. And is that all through Aurora? Yes. And I couldn't find evidence in the record indicating that Aurora was, in fact, acting as Lehman Brothers' agent because this whole credit bid rule issue could really be easily resolved if Lehman Brothers wasn't really the entity that was making the full credit bid, correct? Correct. And so, if so, can I have your help in going through the record and show me how you demonstrated that Lehman Brothers was actually the entity making the full credit bid? Lehman Brothers stated, the record says Lehman Brothers Holdings, Inc., the plaintiff in this section, did not make the full credit bid. They were an entity created after the bankruptcy of Lehman. Right. Is it your theory that Aurora was acting as Lehman Brothers' agent in making the full credit bid? Aurora was acting on behalf of Lehman Brothers Bank in making the foreclosures. And where in the record does it show that Aurora was acting on their behalf? The only thing we have is the declaration of Mr. Baker. If you look in paragraphs 1 and 2 of his declaration, I believe that's where he states that. It seems that PMC is asking this court to apply the full credit bid rule, notwithstanding the fact that the borrowers weren't being pursued, notwithstanding the fact that there wasn't fraud, where Lehman Brothers wants it only to apply if a borrower's present. And I should briefly touch on the New York law issue. I did review the cases. The New York law seems to be that there's a full credit bid issue when there's a deficiency judgment sought. And does PMC agree that New York law is applicable in this case, given that that's what's provided for in the purchase and indemnity agreements? PMC's position that using the full credit bid rule, whether it's New York's or California's, gets us to the same place. We believe that the California law applied because Aurora used the California statutory scheme for a nonjudicial foreclosure when it took the nonjudicial foreclosure and had trustees' sales. Therefore, it should be bound by the full credit bid rule of California. On the other hand, if you want to apply the full credit bid rule of New York, and the you want to apply New York law and say that the full credit bid rule applies, you get to the same place. The full credit bid rule applies. And certainly those six loans that were subject to the full credit bid were not dealt with the full credit bid, as the district judge said in his findings. He said, I am not going to apply the full credit bid rule, even though there were six loans that had them. As you understand the California rule, it does or does not apply to third-party bids? It does. And that comes from what case? It comes from the case, all the cases that were cited were, there is, that's the dilemma that the court's looking at. All the cases that were cited where there's an exception out of the full credit bid rule are cases where the defendant, the defendant in the action is being sued for fraud. Otherwise, the full credit bid rule applies. There is no case that I found, certainly somebody else might find it, but there's no case that I found where it says that in a third-party situation, the full credit bid rule does not apply. And that's the dilemma this court has. Do you apply the full credit bid rule in a third-party case after a loan's been resold several times and the defendant either is not the borrower or has not committed fraud? I think my clock says I'm done. So you're suggesting we should make that, make that jump under California law? No, it's not a jump. It's a clarification. Well, it doesn't, no, a clarification then. Okay. That's a softer word. Clarification or jump. California's case law right now says if the defendant has committed fraud, a fraudulent appraiser, a fraudulent borrower, a fraudulent somebody, and they get sued, they cannot assert the full credit bid defense to a deficiency judgment. It doesn't say that the full credit bid defense can't be asserted when there is a third party being sued for a deficiency judgment. PMC believes that under those circumstances, since it itself, it did not commit any fraud and is being sued under an indemnity agreement, it can raise the full credit bid against a deficiency judgment specifically on those six loans. The California Supreme Court said that the purpose of the rule, which was essentially a depression era rule, was to protect individuals who essentially were judgment proof against further deficiency actions once the collateral was sold. Why would that public policy have any application to third party resellers and repurchasers here? I guess if you want to go down that road, the issue then becomes since almost every second into the secondary market, we can look at the rule of full credit bid going away and nobody will be protected. Well, sure, the original individual homeowner borrowers will be protected, but if the loan is resold amongst sophisticated buyers and sellers down the road, the reason for the full credit bid rule evaporates. No, the reason for the full credit bid rule is because it's a non-judicial foreclosure sale. You don't get the protections. In the loan agreements, in the indemnity agreements, the word foreclosure was used. It didn't say non-judicial foreclosure. It didn't say judicial foreclosure. If these were all judicial foreclosure cases, the deficiency judgment would be protected. The value of the security would be determined. The value of the deficiency would be determined. That would take two years in the Superior Court now, maybe in Los Angeles longer. If you want a quick and dirty four-month foreclosure, you have to honor the full credit bid rule. Otherwise, you're going to get runaway deficiencies. Well, one of the problems, though, with your argument is that in the full credit bid rule situation, typically it involves the terms of the mortgage and deed of trust, whereas here we have a separately negotiated commercial agreement involving the purchase and sale of these loans in the secondary market. Does that make a difference? Yes. We are not talking about liability here. We have not presented an appeal to this court on the issue of liability under the indemnity agreements. We have presented the issue to this court on the damage claim. What is the damage claim under the indemnity agreements? The damage claim under the indemnity agreements, we are asserting, needs to be softened, modified, changed by the application of the full credit bid rule to the damages, not the liability side of the case. Okay. I think we understand your position. Let's hear from Langman Brothers. Thank you. Morning, Your Honors, Chip Schoenberger on behalf of Langman Brothers. I'd like to focus my time on the full credit bid rule issue and pick up on a couple of notes that I think the court correctly raised, and that is that PMC challenges raises credit bid arguments with respect to six loans. And as the court pointed out, on two of those loans, the separate indemnity agreement contains a waiver where PMC waived its full credit bid defense. Those are on two of the loans. The other four loans, and I think the court referenced this as well, LBHI did not own those loans at the time of foreclosure. They didn't foreclose on them, and therefore they could not have placed a full credit bid on those loans. Well, that's what I was trying to address with counsel to figure out what evidence in the record. Frankly, I found it very confusing, and I thank you for your 28-J letter, which provides some clarification on your position as to whether Lehman Brothers made a full credit bid on any of the six loans that are at issue in this case, two covered by the indemnity agreement, so now we've got four. And as to those four, you are indicating that Lehman Brothers did not make a full credit bid on any of the four. That's correct. So therefore, the full credit bid rule is just inapplicable. Correct. We don't even get to that analysis under New York law or California law. The evidence that counsel points to to demonstrate that Aurora was acting as the agent comes from the Baker Declaration, how do you address that? Well, two things. First of all, and I believe it's paragraph 67 of the Baker affidavit, John Baker testifies that as to those four loans that are not subject to the separate agreement, that those loans were sold to upstream investors, and they were not repurchased by LBHI. So to the extent there was a foreclosure, those investors who owned the loan at the time would necessarily have been the ones to do the foreclosing, and the logical corollary to that is that it was not LBHI. In addition to that... So he says Aurora is a wholly owned subsidiary of Lehman Brothers, right? That is correct. So you're not contesting that fact, but you're saying they were just acting with regard to these loans on behalf of somebody else, because the loans have been sold. That's correct. When you say that's correct, you mean that Aurora was acting on behalf of Lehman Brothers? And I apologize for interrupting. I was saying that's correct to the first part of the question, which is that Aurora is a wholly owned subsidiary of LBHI. But however, they also are a loan servicer, and they act on behalf of whoever owns the loan at the time, and that brings me to the other Baker exhibit, which was placed at issue in the first motion for summary judgment, which is not directly before the court now, but was incorporated into the documents on the second motion for summary judgment, where Mr. Baker specifically says, and I apologize, I don't have the exact paragraph number in front of me, specifically says that Aurora Loan Services was not acting on behalf of LBHI. They were acting on behalf of the entity that owned the loan at the time, which there were a few different entities. Well, we should put that declaration into this record, that would be good. It is in the record. Yes, I filed supplemental excerpts, and that is in there. They were referenced in the summary judgment motion and incorporated by reference. They are in this record. So your position is then that it's an uncontroverted fact in this record that Aurora was not acting on behalf of LBHI? Correct. And I would also add to that that the only evidence submitted by PMC was a request for judicial notice of some of the public documents, and the court, while it took judicial notice of the fact of those documents, expressly did not take judicial notice of the content. So there really is no evidence to controvert Baker's declaration on those issues, and PMC does not raise an issue as to that on appeal. Point of taking judicial notice of publicly filed documents but not looking at what they say. Can you help me with that distinction? And the case law support said, I don't have a case off the top of my head, but the court specifically did not take notice of the content because whether or not Aurora Loan Services was acting on behalf of, or who they were acting on behalf of, was a contested point in the case. So the court said, I'm not taking judicial notice of that fact, I'll take judicial notice of the existence of these records, but not to resolve or to create a fact issue as to the content. But what in the record was the court taking notice of? The existence of the deed of trust, I suppose. But don't you have to peek at the content? I'm having a bit of an analytical difficulty understanding what it is that the court was looking at. Some but not all of the content? Well, and the court really didn't say. But I do know the court specifically declined to take notice of the content. And I would also point out that the mere fact that Aurora Loan Services placed a bid isn't a material fact precluding summary judgment because the evidence from John Baker is that they weren't acting on behalf of LBHI. So there is no inference to be drawn there. But how do you know that without looking at the content of the non-judicial sale foreclosure documents? I'm speaking of Baker's deposition testimony where I'm not affidavit saying that Aurora Loan Services was not acting on behalf of LBHI with respect to these loans that are at issue. And also the fact that- I'm really having a hard time understanding this distinction. Don't you have to look at A, the fact that there was a non-judicial foreclosure and B, who Aurora was foreclosing on, on behalf of? And isn't that examining the content of the document? Do you understand the confusion I'm having? I understand the confusion. And frankly, the content versus existence distinction is a bit elusive to me as well. But I- I mean, this is not a situation where we're looking to see whether or not notice was triggered by the filing of something in the county clerk's office. The court was being- you're asking us to look at the content of the document to see that the owner of the property at the time that Aurora acted was someone other than Lehman Brothers. And how do we do that without looking at the content? I'm not asking the court to look at anything other than the Baker declaration. That's the evidence that establishes that Aurora Loan Services was not acting on behalf of LBHI. Okay. And these public documents that you say the court admitted but didn't look at would corroborate what Mr. Baker says in his declaration, that it wasn't on behalf of Lehman Brothers? They're consistent with that. They don't create a fact issue as to who Aurora Loan Services was acting on behalf of. And so, for those reasons, I don't think we have any need to get to the analysis under New York law or California law with respect to application of the full credit bid rule. Well, when you say for those reasons, those reasons are that either they weren't proposed by LBHI or that- or that what? Or that there was a waiver? That PMC waived a full credit bid defense with respect to two of the six loans and with respect to the other four loans, LBHI didn't own the loans at the time of foreclosure, didn't foreclose on them, and couldn't have placed a full credit bid on those loans. So there is no reason to look into what the effect of that was as to LBHI because- So it doesn't matter whose law governs because that third party rule wasn't invoked. Exactly. And I'll point out that New York law doesn't have that type of analysis on that issue. New York law is very- there's very little law on that issue on any of the full credit bid implications. And under California law, in the Reese case, specifically two of the facts that are common to our case is the third party issue where the plaintiff was not the one who placed the loan. So specifically said that on a breach of an indemnity contract where the loan was sold to upstream investors and there's some sort of an indemnification paid to that third party, the full credit bid rule has no application. It's at the very end of the opinion, but that is one of the court's holdings. Which case is that? Reese. Thank you. Thank you. Counselor, I'll give you a couple minutes for rebuttal. This is the Alice in Wonderland scenario. You have to remember that whoever was holding the loans, whether it had been sold by PMC Bank to Lehman, Lehman resold it to New York where it got wrapped up in an indenture. Somebody foreclosed on the borrower. What Lehman is trying to argue to this court is that so long as they didn't do the foreclosure, they aren't held to the full credit bid rule. Well, but why aren't we back to just straight breach of contract damages if the full credit bid rule doesn't apply at all and the transaction involved the sale for some amount of money tendered by Lehman and there is a provision identifying what happens if there's a deficiency based on the amount of the loan, then the measure of damages for breach of contract is the difference. There's the deficiency. At some point in time in the life of the loan, the value of the security had to be determined. If there was a full credit bid and it was determined at that full credit bid that the value of the security equaled the value of the loan, zero deficiency. Well, but the argument is that the loan should never have been made in the first place because it wasn't. Let's say it was a million dollar loan, the million dollar loan shouldn't have been made to those borrowers. The case law in California is you have fraud against an appraiser. You have fraud against a borrower. You sue those entities, for example. Those entities. But the breach here is for misrepresentation, is it not? Your client made warranties and representations with regard to the truthfulness of the underlying loan document. Didn't it? We insured the loan. If you want to cut to the chase. I mean, I read the language in the contract. There are representations and warranties. We're not arguing liability. I agree with the court. We're arguing that at some point we have to start to determine damages. And why wouldn't the measure of damages be the difference between the foreclosure or the value of the property and the amount of the loan? That's what we want. They don't want that. We want to say that that difference should be the difference that was determined at the time of the foreclosure sale. They don't want that. They want to be able to go out and create damages under some other scenario, totally ignoring the value that was set on the security at the date of the sale. No, what they're saying, they buy the loan from us for $100,000. They sell it to somebody for $100,000. They sell it again for $100,000. Somebody up there forecloses. If the foreclosure is for $100,000, then there's no damage at the end of the chain. If the loan gets sold back, obviously that implies that security is still in place. So anybody who sells it for $100,000 has no damages under any contract. If you sell it for $80,000 at some point in time, they're going to be $20,000 worth of damages. But then what Lehman wants to argue is, well, we had a foreclosure. We foreclosed on it at $80,000. We got it back in our hands, and we found out it was only worth $50,000 at the REO sale. Therefore, we want to argue under contract damages that our damages are $50,000, not $20,000. What we're trying to argue to this court is that the argument has to be you've got to start at that foreclosure no matter who did it. Lehman can't go with the Alice in Wonderland argument that, not me, because we weren't there at the foreclosure. Therefore, we can calculate the damages as an REO sale, money we spent buying it back from Fannie Mae. We're arguing that you've got to start at the foreclosure value. We don't care who did the foreclosure, and that's got to be the case. I think we understand the position. Thank you very much. Okay. The case just argued is submitted, and we'll give you an answer as soon as we can figure out what it is. We'll be adjourned until tomorrow morning.
judges: Tashima, Tallman, Nguyen